**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 07-20973-CR-ALTONAGA**
Magistrate Judge Turnoff

**UNITED STATES OF AMERICA**

**v.**

**JESUS GARCIA MORALES,**
**DANIEL ENRIQUE MARIN, and**
**EVELIO CERVANTES CONDE,**

**Defendant.**
_____/

### GOVERNMENT'S MOTION *IN LIMINE* REGARDING
### ADMISSIBILITY OF RECORDINGS AND TRANSCRIPTS

The United States, by and through the undersigned Assistant United States Attorney, herby moves this Court for a ruling *in limine* regarding the admissibility of certain recordings and transcripts of conversations the defendants had with a government confidential informant (CI). It is the government's intention to introduce those recordings, which are in Spanish, and translated transcripts without calling the CI as a witness at trial. Counsel for the defendants have asserted that the recordings and transcripts are inadmissible unless the CI testifies. However, given that *Crawford v. Washington*, 541 U.S. 36 (2004) is not implicated by these recordings and that the government can lay a proper foundation for the admission of the recordings and translated transcripts through other witnesses, the admissibility of that evidence does not hinge on the testimony of the CI.

First, the fact that the defendants will not have the opportunity to cross-examine the CI with regard to statements he made during the recordings does not raise any Confrontation Clause issues under *Crawford v. Washington*, 541 U.S. 36 (2004). *Crawford* stands for the proposition that *testimonial hearsay* creates a potential Confrontation Clause issue. If a statement is not

1

offered for the truth of the matter asserted, and thus, by definition, is not hearsay, there is no Confrontation Clause issue. *See id.* at 59 n.9 ("The [Confrontation] Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.").

Here the statements by the CI during the recordings are offered not for their truth but rather to provide context for the statements made by the defendants during the recordings. Indeed, as the CI was playing an undercover role, his statements on the recordings are predominantly not true. Statements of third parties offered to provide the context of the statements made by a defendant are not hearsay. *See United States. v. Tangeman*, 30 F.3d 950, 952 (8th Cir. 1994) ("[Informant's] statements were offered to provide context for [defendant's] admissions and not to prove the truth of the matters asserted therein. . . Accordingly, we find that [the informant's] statements are not hearsay."). *Crawford* did not disturb this well-settled legal precedent. *See United States v. Van Sach*, 458 F.3d 694, 701-02 (7th Cir. 2006) ("Since *Crawford's* prohibition is for testimonial hearsay, *Crawford,* 541 U.S. at 59-60 n. 9, 124 S.Ct. 1354, and the declarant's statements here were offered as context evidence rather than for their truth, we conclude that the admission of the CI's statements did not offend the Confrontation Clause.").

Second, the government can lay the evidentiary foundation for the admission of the recordings and translated transcripts without calling the CI. The predicate to admission of a recorded conversation is evidence "regarding the competence of the tape machine operator, the fidelity of the equipment, the absence of any alterations to the tape and the identity of the speakers." *United States v. Richardson*, 764 F.2d 1514, 1523-24 (11th Cir. 1985). There is no requirement that an individual who participated in the conversation, or even listened to the

conversation in real-time, provide the foundation for the recording.  Nor does the government need to call as witnesses all individuals who participated in the creation of the transcripts.  *See United States v. Green*, 40 F.3d 1167, 1173 (11th Cir. 1994).  Further, the identity of the speakers on the recordings can be established in a wide variety of ways.  *Id.*  Here the government will call the law enforcement officer who provided the CI with the recording equipment to establish the reliability of the recordings.  Law enforcement officers will also be able to provide testimony with respect to the identity of the speakers on those recordings in multiple ways.  For example, the government can call the officers who spoke to the defendants following their arrests for voice identification purposes.  Moreover, law enforcement officers were conducting surveillance of many of the recorded meetings, and, based upon their recognition of the CI's voice, they can identify the other speakers on the recordings based upon their observations of who was present for various portions of particular meetings.

Finally, the CI is not required to authenticate the accuracy of the transcripts or translations.  In this case, the government has provided the defendants with translated transcripts of all of the recordings, and the government has indicated its intent to work in good faith with the defense to correct any inaccuracies in those translated transcripts.  To date, while some general objections have been raised with respect to the accuracy of the translated transcripts, *see e.g.* Defendant Martin's Motion to Revoke Detention Order [DE 61], none of the defendants have yet suggested any specific revisions to the translated transcripts.  As the Eleventh Circuit Court of Appeals has made clear, however, the proper procedure when the accuracy of a translated transcript is challenged is as follows:

> the district court and the parties should make an effort to produce an 'official' or 'stipulated' transcript, one which satisfies all sides. If such an 'official' transcript cannot be produced, then each side should produce its own version of a transcript or its own version of the disputed portions.  In addition, each side may put on

evidence supporting the accuracy of its version or challenging the accuracy of the other side's version.

*United States v. Cruz*, 765 F.2d 1020 (11th Cir. 1985) (*quoting United States v. Wilson,* 578 F.2d 67, 69-70 (5th Cir.1978)).  The government stands ready to engage in the process of creating official or stipulated transcripts; it simply has yet to receive any proposed revisions to the transcripts produced (the government readily acknowledges that production of the transcripts in this case was not complete until January 18, 2007, and that it may take the defendants some time to propose revisions).  Simply put, if the government does not call the CI to testify about the accuracy of the transcripts but instead relies upon testimony from the translators who prepared them and the agents who provided the voice identifications, the defendants are free to cross examine those witnesses regarding the accuracy of the transcripts.  That, however, bears only on the weight of the evidence, not its admissibility.

WHEREFORE, the government respectfully requests a finding from the Court that the government may move the recordings and translated transcripts in this case into evidence without calling the CI as a witness.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By:    s/ Sean Paul Cronin
       Sean Paul Cronin
       Assistant United States Attorney
       Court I.D. No. A5500940
       11200 N.W. 20th Street
       Suite 101
       Miami, Florida 33172
       Tel: (305) 715-7651
       Fax: (305) 715-7639
       Sean.P.Cronin@usdoj.gov

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 25, 2008, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.


 s/ Sean Paul Cronin_____

Sean Paul Cronin

Assistant United States Attorney