UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20973-CR-ALTONAGA
Magistrate Judge Turnoff

UNITED STATES OF AMERICA

v.

JESUS GARCIA MORALES,
DANIEL ENRIQUE MARIN, and
EVELIO CERVANTES CONDE.

        **Defendants.**
_____/

### GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING THE CONFIDENTIAL INFORMANT'S BENEFITS, CRIMINAL HISTORY OR OTHER BAD ACTS

The United States, by and through the undersigned Assistant United States Attorney, hereby moves the Court for an order in limine preventing the defendants from attempting to introduce evidence concerning, or asking witnesses questions regarding, the benefits, criminal history and other bad acts of the confidential informant in this case.  As the government will not call the confidential informant as a witness at trial, such evidence and inquiry would be irrelevant.

### BACKGROUND

On October 16, 2007, co-defendants Aliocha Billalba and Jesus Garcia Morales met with a government confidential informant (CI) at the International Mall in Miami.  During that audio recorded meeting, Billalba and Morales discussed purchasing multiple kilograms of cocaine from the CI at a price of $17,000 per kilogram.  Over the course of the next month there were a series of recorded calls between the CI and Billalba and the CI and Morales in which they discussed doing a narcotics deal.  On November 26, 2007, co-defendants Evelio Cervantes Conde, Daniel

1

Enrique Marin, Morales, and Billalba met with the CI to negotiate the purchase of 100 kilograms of cocaine. Again the meeting was audio recorded. On November 27, 2007, co-defendants Morales, Billalba and Marin again met with the CI to further negotiate this narcotics transaction, and once again the meeting was audio recorded.

On November 28, 2007, the CI drove with Morales and Billalba to Morales' residence while under law enforcement surveillance. At approximately 3:00 p.m., surveillance personnel observed a red Honda Passport arrive at Morales' residence. A Hispanic male, subsequently identified as Ariel Mezquia, was observed entering the side of Morales' residence with a large blue ice chest. Less than five minutes later, surveillance personnel observed Mezquia exit Morales' residence with the blue ice chest, where he was met by Morales who exited from the front entrance. Both individuals then entered the red Honda Passport, with Morales in the passenger seat. Surveillance personnel observed the two engage in conversation for a few minutes. Shortly thereafter, Morales exited the red Honda and Mezquia drove away. Mezquia's vehicle was subsequently stopped, and 4 kilograms of cocaine were seized from inside the blue ice chest.

At approximately 4:00 p.m., Billalba left the residence and began engaging in counter-surveillance driving. At approximately 5:00 p.m., surveillance personnel observed a black BMW arrive at Morales' residence. The BMW was driven by defendant Marin, and the sole passenger in the vehicle was defendant Conde. Simultaneously, a red Ford Ranger truck driven by an unidentified Hispanic male arrived at Morales' residence. Marin exited the BMW and walked over to the red truck. The unidentified Hispanic male then exited the pick-up truck and opened the driver's side passenger door. At that point, Morales exited the residence and walked over to the driver's side of the truck and removed a red cardboard box from the rear passenger seat of the

truck. The unidentified Hispanic male driving the truck then departed the location. To date, he has not been identified. Morales, along with Marin and Conde, entered the residence with the red cardboard box. After approximately 10 minutes, defendants Marin and Conde began leaving the residence. At that point, law enforcement officers approached the residence to secure the location while a federal search warrant could be obtained. When law enforcement agents approached the residence, defendants Conde and Marin attempted to flee, but their flight path was blocked by a fence and canal in the rear of the property, and they were quickly taken into custody. Shortly after 7:00 p.m., Magistrate Judge Chris M. McAliley signed a search warrant for the property. A search of the residence pursuant to that warrant led to the recovery of the red cardboard box that Morales had been seen taking into the residence, along with $366,550 in United States currency.

## ARGUMENT

The government anticipates that the defense may attempt to introduce at trial evidence relating to the benefits the CI has received during his years working as a confidential informant, his criminal history, or his other bad acts either during the cross examination of the law enforcement agents who worked with the CI or during the defendants' case-in-chief. *See* DE 149. While Federal Rule of Evidence 609 allows for the admission of evidence regarding a witness' prior criminal history under certain limited circumstances, that rule only applies to attempts to impeach the credibility of a <u>witness</u> based upon prior convictions. Here the CI will not be called as a witness.[1] Accordingly, his credibility is not at issue in this case. It should further be noted that the defense may not call the CI for the sole purpose of impeaching him. *See*

---

[1] The government will be able to introduce the recordings in this case without calling the CI in part through the testimony of Sergeant Steve Diaz, *see* DE 91, and in part through the testimony of cooperating defendant Billalba, who was present for all of the recorded meetings and can attest to the accuracy of the transcripts and the voice identifications in those transcripts.

*United States v. Giles*, 246 F.3d 966, 974 (11th Cir. 2001) ("a party may not call a witness for the sole purpose of impeaching him."). Accordingly, evidence relating to the credibility of the CI is not relevant. Simply put, there is no proper, relevant purpose for which the defendants could offer any evidence regarding benefits the CI has received or the CI's criminal history or prior bad acts. Accordingly, the defendants should be prohibited from attempting to offer such evidence either through cross-examination of government witnesses or in their case-in-chief.

## CONCLUSION

WHEREFORE the government's Motion in Limine should be GRANTED.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By:  s/ Sean Paul Cronin
Sean Paul Cronin
Assistant United States Attorney
Court I.D. No. A5500940
11200 N.W. 20th Street
Suite 101
Miami, Florida 33172
Tel: (305) 715-7651
Fax: (305) 715-7639
Sean.P.Cronin@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 2, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/  Sean Paul Cronin
Sean Paul Cronin