UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20973-CR-ALTONAGA

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

DANIEL ENRIQUE-MARIN, et. al.,

       Defendant.

_____/

## MOTION IN LIMINE
## TO EXCLUDE INADMISSIBLE 404(b) EVIDENCE

Defendant Daniel Enrique-Marin, through undersigned counsel, and pursuant to Fed.R.Evid. 403 and 404(b), moves in limine to exclude inadmissable Rule 404(b) evidence and in support says:

### The 404 (b) Evidence

On April 24, 2008, The Government filed a 404(b) notice in which the government advises that it intends to offer evidence of an allegation from an unnamed inmate at the Federal Detention Center (FDC) who claims that defendant Enrique-Marin told the inmate to give the government's cooperating witness a message that would be interpreted as threatening.  The government claims that the defendant gave the inmate this message on April 17, 2008, at the FDC.

### Legal Discussion

Rule 404(b) prohibits the introduction of other crimes, wrongs, or acts to prove bad character of the defendant in order to show actions were in conformity.  It does, however,

permit the admissibility of the evidence if offered as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *See* Fed. R. Evid. 404(b). In *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978), the former Fifth Circuit set forth the two part analysis that the Eleventh Circuit still applies to the admission of extrinsic act evidence. First, it must be determined that the extrinsic offense is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403. *Id.* 582 F.2d at 911. *Beechum* also requires that there must be sufficient evidence to show that the defendant committed the extrinsic act. *Id.* 582 F.2d at 912-13.

The evidence in question arises from a source and in circumstances that give the least amount of credibility these allegations. The inmate making this allegation is confined to the FDC where he presumably has been charged with a felony. If given the opportunity to testify, he will no likely seek some benefit from the government.[1] The witness' reliability is highly questionable, and the evidence of these allegations is insufficient to present to a jury.

Furthermore, this allegation is not relevant to any of the legitimate grounds for offering 404(b) evidence. It is not proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake in connection with the charge of conspiracy to distribute drugs or conspiracy to launder money. The evidence will only allow the jury to draw conclusions about defendant Marin's character in finding him guilty. This is clearly

---

[1]Defendant Enrique-Marin has filed a motion for an order directing the government to comply with the Court's standing discovery order by providing *Giglio, Napure* and *Brady* evidence regarding this 404(b) witness. (D.E. 154) As of the filing of this motion the government has not provided any such evidence concerning this witness.

an impermissible use of this evidence and for this reason should be excluded from the trial.

Under Rule 403 the relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Even if the court finds there is sufficient evidence that the act occurred, any probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury.

The jury will learn that the defendant is being detained in jail pretrial. This will brand Mr. Marin in the eyes of the jury with a mark of guilt. The jury will likely speculate the defendant has been denied bail because he is dangerous to the community or has a prior criminal history. *United States v. Harris*, 703 F.2d 508 (11th Cir. 1983). While *Harris* involved a defendant that was forced to wear prison garb, the reasoning being the decision applies equally here. The jury will draw the same prejudicial conclusions about the defendant based upon his pretrial detention status. Any probative value to the 404(b) evidence is substantially outweighed by the danger that the defendant's due process right to a fair trial will be violated if the jury hears about the defendant's pretrial incarceration.

WHEREFORE, the defendant respectfully requests that this Court enter an order excluding the 404(b) evidence.

**KENNETH M. SWARTZ**
SWARTZ & LENAMON
New World Tower, Suite 2100
100 North Biscayne Boulevard
Miami, Florida 33132
el:305-579-9090
Fax:786-425-2380

Florida Bar No. 331929
ken@swartzlawyer.com


/S/_____
　　　Kenneth M. Swartz


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and simultaneously served the foregoing document on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/_____
　　　Kenneth M. Swartz


## SERVICE LIST:  *UNITED STATES v. DANIEL ENRIQUE-MARIN*
## CASE NO  07-20973-CR-ALTONAGA

Sean Paul Cronin
Sean.P.Cronin@usdoj.gov
Assistant United States Attorney
11200 N.W. 20th Street, Suite 101
Miami, FL 33172
Tel: 305-715-7651

Percy Martinez
Percymartinezpa@yahoo.com
Two Alhambra Plaza, Suite 112
Coral Gables, Florida 33134
Tel:305-529-0001
Attorney for Defendant Jesus Garcia Morales

Marc D. Seitles
mseitles@seitleslaw.com
169 E. Flagler Street, Suite 1200
Miami, FL 33131
Tel.: 786-877-3997
Attorney for Evelio Cervantes Conde